UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| NICK J. MARTIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:13-cv-16 |
|  | ) |  |
| GEORGE JONES, JONES AUTO, and | ) |  |
| RICHARD ENGLAND, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Before the Court is a Motion for Leave to File an Amended Complaint filed by *pro se* Plaintiff Nick Martin on April 1, 2014, seeking to, among other things, add a claim of retaliation. (Docket # 15.) But Plaintiff failed to include the proposed amendment on the court-supplied form as an attachment to his motion in accordance with Local Rules 8-1 and 15-1(a). Accordingly, if Plaintiff does not file the proposed amended complaint on the court-supplied form on or before April 18, 2014, his motion to amend will be DENIED.

And if the Court does grant Plaintiff leave to amend his complaint, Plaintiff will have to serve it on Defendants because the proposed amended complaint adds a new claim. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.").

As to the default entered against Defendants on the original complaint (Docket # 9), "it is well established that an amended pleading supersedes an original pleading." *Michiana Dairy Processors LLC v. All Star Beverage, Inc.*, 263 F.R.D. 514, 517 (N.D. Ind. 2009); *see Faulkner v. Transp. Made Simple, Inc.*, No. 09-2233 D/P, 2010 WL 71152, at *1 (W.D. Tenn. Jan. 28,

2010) ("An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." (internal quotation marks and citation omitted) (collecting cases)); *Rock v. Am. Express Travel Related Servs. Co.*, No. 1:08-cv-853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008) ("[W]hen an amended pleading is filed, the amended pleading becomes the operative pleading, nullifying the original pleading."). As a result, typically "a clerk's entry of default on that pleading is mooted" and "a motion for default judgment made on [that] prior pleading should be denied." *Allstate Ins. Co. v. Yadgarov*, No. 11-cv-6187, 2014 WL 860019, at *8 (E.D.N.Y. Mar. 5, 2014) (collecting cases); *see Mercer v. Csiky*, No. 08-11443-BC, 2010 WL 2671329, at *2 (E.D. Mich. June 30, 2010) (collecting cases and stating that "many courts have denied motions for default judgments as moot due to the filing of an amended complaint").

Accordingly, Plaintiff should be aware that in the event he proceeds with amending his complaint to add a new claim, the Clerk's entry of default on May 30, 2013, may be vacated; the hearing set for May 19, 2014, cancelled; and his motion for default judgment denied.

SO ORDERED.

Dated this 3rd day of April, 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge