UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICK J. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-16-SLC |
| | ) |
| GEORGE JONES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On June 11, 2015, this Court conducted a hearing on *pro se* Plaintiff's two pending motions to compel (DE 53, 77), which are fully briefed (DE 72-73, 82-83, 90-91), asking that the Court order Defendants to fully answer his "First Set of Interrogatories and Request for Production of Documents" and his "Supplemental Discovery Requests." (DE 92). The Court also considered the Rule 16(b) deadlines set at the scheduling conference on August 28, 2014. (DE 40). In addition, the Court learned through Defendants' filing on the day of the hearing that Defendant Richard England is presently subject to a Chapter 13 bankruptcy proceeding. (DE 90 at 2, 3).

For the reasons set forth herein, Plaintiff's motions to compel will be GRANTED IN PART and DENIED IN PART. Before turning to those motions, however, the Court will address the Rule 16(b) deadlines and the effect of England's bankruptcy filing.

### A. *Automatic Stay as to Defendant England*

Defendants disclose in their discovery responses that England is presently subject to a Chapter 13 bankruptcy proceeding administered by the Northern District of Indiana Bankruptcy Court, No. 13-10240, filed on February 11, 2013. (DE 90 at 2, 3). A Chapter 13 bankruptcy

petition automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . , or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case . . . ." 11 U.S.C. § 362(a)(1).

Therefore, this case is now automatically STAYED with respect to England until the termination of his bankruptcy case. However, this case will continue against the other Defendants, as the stay does not apply to non-bankrupt co-defendants. *See* 11 U.S.C. §§ 362(a)(1), 1301(a); *Pitts v. Unarco Indus. Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) (concluding the language of § 362(a) "unambiguously states that the stay operates only 'against the debtor'"); *Parmeley v. Fleetwood Homes, Inc.*, No. 3:12-cv-199, 2012 WL 1946842, at *2 (S.D. Ill. May 29, 2012) (stating that the extension of the automatic stay in Chapter 13 is "extremely limited" in that it "applies only to co-*debtors* rather than . . . co-defendants" (citing *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983))).

### B. Rule 16(b) Deadlines

At the hearing, after acknowledging that the discovery period has now closed, the Court addressed the filing of dispositive motions.

In a nutshell, Plaintiff asserts that he filed this suit to recover unpaid wages for work he performed for Defendants from October 2008 through 2012. Plaintiff, who is black, further claims under Title VII and 42 U.S.C. § 1981 that Defendants discriminated against him on the basis of his race by paying him sporadically and at less than the promised rate of $50 per hour, while they paid a white employee on a consistent basis and at higher wage. He also contends under Title VII and § 1981 that Defendants retaliated against him in 2012 for filing a lawsuit

2

against them in state court in 2010. Finally, Plaintiff alleges that Defendants defamed him through comments they made to the police and in state court. (DE 52).

As the Court has already observed in its Order dated March 27, 2014 (DE 14), Plaintiff's claims under Title VII are likely not sustainable, as he represented that Defendants have less than the sufficient number of employees necessary to implicate the relevant statutes. In addition, his pleadings include a state court judgment in Defendants' favor on his unpaid wage claim in December 2010; therefore, any claim for wages stemming from work prior to December 2010 may be barred by *res judicata*.

Accordingly, in an effort to streamline this case for trial, the Court EXTENDS the deadline for the filing of dispositive motions to July 13, 2015.

### C. Motions to Compel

1. Plaintiff's First Set of Interrogatories and Request for Production of Documents

Turning to Plaintiff's motions to compel, in his First Set of Interrogatories and Request for Production of Documents, Plaintiff seeks: (a) all "bill records, lease[s] of property, owner of property, bank accounts, and property valu[e] as to what is own[ed]" from October 26, 2008, to present; (b) all employee records from October 26, 2008, to present; and (c) list of assets owned as to "valuable property" (such as car, truck, rings, gold). (DE 53).

Upon reviewing Defendants' responses (DE 90), the Court finds that Defendants have adequately answered these discovery requests with the exception of the employee records from October 26, 2008, to present. Although Defendants provided a list of employee names, they did not object or otherwise respond to Plaintiff's request for the employee records. Therefore, Plaintiff's first motion to compel (DE 53) is GRANTED IN PART in that Defendants are

3

ORDERED to produce to Plaintiff the employee records from October 26, 2008, to present; the motion to compel is OTHERWISE DENIED.

2. Plaintiff's Supplemental Discovery Requests

After the Court's hearing on the first motion to compel (DE 75), Plaintiff and counsel for Defendants met in good faith to attempt to resolve the parties' dispute concerning Plaintiff's First Set of Interrogatories and Request for Production of Documents (DE 82). Toward that effort, they prepared Plaintiff's Supplemental Discovery Requests, which consist of 18 interrogatories, requests for admissions, or requests for documents (labeled as Interrogatories A to R). Defendants answers to the Supplemental Discovery Requests (DE 91) prompted Plaintiff's second motion to compel (DE 77).[1]

Having reviewed the Supplemental Discovery Requests and Defendants' responses, the Court finds that Defendants' responses to Interrogatories A, K, and R are sufficient. In addition, the Court finds that Defendants have already adequately answered Interrogatories C (requesting the lease and ownership information for 1717 S. Anthony Blvd.), F (requesting description and value of assets), and M (requesting the number of employees from 2008 to 2012) in their responses to Plaintiff's First Set of Interrogatories and Response to Request for Production of Documents.

Defendants' responses to Interrogatories B, D, E, G, H, I, J, L, N, O, P, and Q, however, are incomplete. In these requests, Plaintiff seeks a variety of information, such as auto repair work billed from 2008 to 2010, bank statements, ownership of real estate, work Plaintiff

---

[1] Defendants did not raise any objections in response to Plaintiff's Supplemental Discovery Requests.

performed for Defendants, and how potentially similarly-situated employees were paid. Defendants' responses to these requests consist merely of "no data found," "not available," or "no paperwork." (DE 91-1).

Federal Rule of Civil Procedure 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response [to a discovery request] must be treated as a failure to disclose, answer, or respond." An order compelling disclosure "is proper if the party in question has failed either to respond or has responded with evasive or incomplete responses." *Ashley v. Lake Cnty.*, No. 2:06-cv-360, 2008 WL 2954975, at *2 (N.D. Ind. July 29, 2008). Therefore, Plaintiff's second motion to compel is GRANTED IN PART in that Defendants are ORDERED to respond to Interrogatories B, D, E, G, H, I, J, L, N, O, P, and Q.

Defendants are reminded that any requests for documents, such as Plaintiff's Interrogatories B and D, extend to responsive documents in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Accordingly, for each request that Defendants fail to produce responsive documents, Defendants are ORDERED to execute an affidavit, stating under oath (1) that after diligent search there are no responsive documents in their "possession, custody or control," other than those previously produced, and (2) explaining why it has no "possession, custody or control" over the requested documents. *See, e.g.*, *Wilson v. Kautex*, No. 1:07-cv-60, 2009 WL 162645, at *7 (N.D. Ind. Jan. 14, 2008).

### *D. Conclusion*

In sum, this case is automatically STAYED with respect to Defendant Richard England pending termination of his bankruptcy case. Counsel is ORDERED to file a notice with the Court when the bankruptcy case is complete.

The Court *sua sponte* EXTENDS the dispositive motion deadline to July 13, 2015.

Plaintiff's two motions to compel (DE 53, 77) are each GRANTED IN PART and DENIED IN PART as set forth herein. Defendants George Jones, Jones Auto, Trent Jones, Emma S. Jones, and Jones Auto Repair are ORDERED to produce the outstanding discovery responses to Plaintiff and file them with the Court on or before June 30, 2015. Failure to comply with this Order by Defendants George Jones, Jones Auto, Trent Jones, Emma S. Jones, and Jones Auto Repair may result in sanctions under Rule 37(b)(2)(A), up to and including the entry of a default judgment against such Defendants.

SO ORDERED.

Entered this 16th day of June, 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge