UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NICK J. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00016-SLC |
| | ) | |
| GEORGE JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a one-page document entitled "Response to the Order [of] the Court for Defendants as to Discovery Request" (DE 96) filed on July 1, 2015, by *pro se* Plaintiff, Nick Martin. In the document, Martin asserts that Defendants did not act in good faith with respect to the Court's Order dated June 16, 2015, granting in part and denying in part his motions to compel (the "Order"). (DE 93). He asks that the Court enter a default judgment against Defendants as a sanction for their purported failure to comply with the Court's Order. (DE 93 at 2).

Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[, including] . . . rendering a default judgment against the disobedient party . . . ." Fed. R. Civ. P. 37(b)(2)(A). "The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the plaintiff's] part." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994). That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id*. (citations omitted). "[A]n award of sanctions

must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

In that regard, "a showing of willfulness, bad faith, or fault is necessary only when dismissal or default is imposed as a discovery sanction." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (collecting cases). The Seventh Circuit Court of Appeals has "noted many times that a default judgment is a harsh sanction that ought to be used sparingly." *Christiansen v. Adams*, 251 F.R.D. 358, 360 (7th Cir. 2008) (quoting *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1209 (7th Cir. 1984)). That is, "[a] default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc.*, 726 F.2d at 1209).

Here, Martin's cursory request for a default judgment as a sanction against Defendants is unpersuasive. There is no evidence that Defendants acted in bad faith with respect to the Order, as they filed their supplemental discovery responses by the date set forth in the Order, signed by all of the Jones Defendants. (DE 94; DE 95). With respect to Defendant England, this case has been automatically stayed against him until the termination of his bankruptcy case. (DE 93 at 2).

Also, in a cursory paragraph at the end of his response to Defendants' motion for summary judgment (DE 101), Martin revisits his dissatisfaction with Defendants' discovery responses, listing various portions of his discovery requests that he feels were unsatisfactorily answered. However, Martin does not suggest, much less make a good faith showing, that he cannot present facts essential to justify his opposition to Defendants' summary judgment motion. *See* Fed. R. Civ. P. 56(d); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Yessenow v. Hudson*, No. 2:08 cv 353, 2011 WL 3667488, at *2 (N.D. Ind. Aug 22,

2011).  Nor does he identify the material facts that he anticipates he would discover if the discovery requests were answered to his satisfaction.  *Larsen v. Elk Grove Vill., Ill.*, 433 F. App'x 470, 472 (7th Cir. 2011) (unpublished); *Yessenow*, 2011 WL 3667488, at *2.  Therefore, to the extent Martin's response (DE 96) could be construed as a motion under Federal Rule of Civil Procedure 56(d), it is DENIED.

    SO ORDERED.

    Entered this 2nd day of December 2015.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge