UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NICK J. MARTIN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-00016-SLC |
| | ) | |
| GEORGE JONES, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

On December 2, 2015, the Court granted summary judgment in favor of Defendants George Jones, Jones Auto, Trent Jones, Emma S. Jones, and Jones Auto Repair (collectively, "the Jones Defendants") on all of *pro se* Plaintiff Nick Martin's claims, with the exception Martin's claim for unpaid wages for the period of April 22, 2012, through June 4, 2012. (DE 112). Now before the Court are two motions (DE 114; DE 115) filed by Martin that the Court deems to be motions to reconsider the Court's Opinion and Order dated December 2, 2015 ("the Order").

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare" (citation omitted)). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Caisse Nationale De Credit Agricole*, 90 F.3d at 1269 (citation omitted).

For the most part, Martin conclusorily asserts in his motions that various "falsehoods" underlie the Order. But Martin is simply reiterating the vague, cursory arguments of "falsehoods" that he advanced in his response to the motion for summary judgment (DE 101). Motions for reconsideration should not be used merely to "rehash old arguments." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Martin does, however, raise three specific arguments in his motions. He first disagrees with the Court's observation in the Order that Martin did "not identify this white mechanic by name or explain how he is similarly situated." (DE 112 at 15). Martin points to his interrogatory answer dated February 17, 2015, that lists "Loron W. Bowers White" (DE 76 at 2). But as the Court stated in the Order, Martin did "not . . . show that a similarly situated employee outside of his protected class was treated more favorably than him." (DE 112 at 15-16 (citation omitted)). The Court explained: "Other than referring to himself and the white employee both as mechanics, Jones does not state whether the white mechanic had the same supervisor; was subject to the same standards; worked similar hours; and had comparable experience, education, and other qualifications." (DE 112 at 15 (citations omitted)). Martin's cursory identification of Bowers in his interrogatory answer does not show that Bowers was similarly situated to him and treated more favorably than him. As such, the Court did not commit a manifest error of law or fact by concluding that Martin "failed to provide sufficient evidence of a similarly situated employee." *Johnson v. Holder*, 700 F.3d 979, 982 (7th Cir. 2012).

Martin next argues that George Jones, Emma S. Jones, and Stephen J. Lerch "are in a corporation entity creation 12/22/2000 to present . . . ." (DE 114 at 2). Martin apparently is challenging the Jones Defendants' answer to an interrogatory inquiring about their ownership interests in other companies. (*See* DE 94 at 4). But Martin does not show that this evidence is

2

material, as the Court did not cite this interrogatory response from the Jones Defendants in the Order. Furthermore, Martin does not show why he could not have adduced this evidence while the summary judgment motion was still pending. *See Caisse Nationale*, 90 F.3d at 1269-70. Therefore, this argument, too, is unavailing.

Finally, Martin contends that there never was a state court hearing on the petition for protective order that Jones filed against him in October 2012 and that this shows bias of the state court judge. The protective order issued against Martin in state court in October 2012, however, is not an issue to be re-litigated in this suit.

In short, because Martin has not shown that he has "newly discovered evidence" or that the Court committed a "manifest error[] of law or fact," *id*. at 1269, his motions to reconsider (DE 114; DE 115) are DENIED.

SO ORDERED.

Entered this 22nd day of February 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge