# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| **NICK J. MARTIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:13-cv-00016-SLC |
| | ) | |
| **GEORGE JONES,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion for summary judgment (DE 155)[1] filed by Defendant Richard England,[2] asserting that he is entitled to judgment as a matter of law on all of *pro se* Plaintiff Nick Martin's claims, which include claims for unpaid wages, racial discrimination under Title VII and 42 U.S.C. § 1981, and retaliation under Title VII and § 1981, and defamation.[3] The matter is ripe for ruling. (DE 155; DE 156; DE 158). For the following reasons, England's motion for summary judgment will be GRANTED.

## I. STANDARD OF REVIEW

Summary judgment may be granted only if there are no disputed genuine issues of material fact. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). When ruling on a motion for

---

[1] Although the motion is captioned as a motion for partial summary judgment, this appears to be a scrivener's error, as the motion seeks summary judgment on all of Martin's claims against England.

[2] Martin also named as Defendants Jones Auto, Jones Auto Repair, George Jones ("George"), his wife, Emma S. Jones ("Emma"), and their son, Trent Jones ("Trent") (together, the "Jones Defendants"). (DE 1). However, in December 2015 the Court granted summary judgment in the Jones Defendants' favor on all of Martin's claims other than his claim for unpaid wages for April 22, 2012, through June 4, 2012, which survives. (DE 112).

[3] Subject matter jurisdiction arises under 28 U.S.C. § 1331. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (DE 41; DE 70).

summary judgment, a court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Id.* (citations omitted). The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Payne*, 337 F.3d at 770.

A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true," as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Id.* at 771.

More pointedly, the burden is *not* on the party moving for summary judgment "to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* In fact, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [he] had to come forward with all of [his] evidence." *Id.* (citations omitted); *accord Jones v. Union Pacific Co.*, 302 F.3d 735, 740 (7th Cir. 2002).

## II. FACTUAL BACKGROUND

### A. *The Court Will Not Consider Martin's Unsworn Statements*

Although this Court will construe all evidence in a light most favorable to Martin, the non-moving party, when deciding summary judgment, *Xiong v. Wagner*, 700 F.3d 282, 288 (7th Cir. 2012); *Payne*, 337 F.3d at 770, the Court "cannot consider evidentiary materials that are not properly before it," *Bodor v. Town of Lowell*, No. 2:05-CV-268, 2007 WL 1035085, at *7 (N.D. Ind. Mar. 28, 2007) (citing *Averhart v. Arrendondo*, 773 F.2d 919 (7th Cir. 1985)). "The Court simply cannot overlook the requirements of the federal rules of evidence or civil procedure, especially the requirements set for[th] in Federal Rule 56[(c)(1)], when evaluating a *pro se* plaintiff's materials filed in opposition to a motion for summary judgment." *Bodor*, 2007 WL 1035085, at *7 (citing *Averhart*, 773 F.2d 919).

In response to England's motion for summary judgment, Martin filed a three-page response brief (DE 158) and a three-page supplemental response brief (DE 171), much of which is hard to decipher. Martin attaches a host of documents to his briefs, which for the most part are: (1) unsworn, handwritten documents that he has previously filed with the Court, many of which are unrelated to this action; and (2) Martin's handwritten comments on copies of the Court's prior Orders, expressing his discontent with such Orders.

The Court will not consider Martin's unsworn statements as establishing any factual evidence when evaluating the motion for summary judgment. *See Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) ("An unsworn statement does not meet the requirements of Rule 56[(c)(4)]." (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 n.19 (1970))). Martin did attach one relevant document to his supplemental response brief that he signed under the penalties of

3

perjury—the Charge of Discrimination that he filed with the City of Fort Wayne Metro Human Relations Commission (the "Commission") on July 31, 2012. (DE 171 at 12). Because the Charge of Discrimination was signed by Martin under the penalty of perjury and contains a notary's signature, Martin's statements in the Charge of Discrimination will be considered as evidence.

### B. *Summary of Relevant Facts*

Jones Auto or Jones Auto Repair is a business engaged in the repair and maintenance of vehicles located at 1701 S. Anthony Boulevard, Fort Wayne.[4] (DE 156-1 at 4). During the time period relevant to this dispute, the business was solely owned by George, and George and Emma jointly owned the real estate where the business is located.[5] (DE 150 at 3-4; DE 152 at 6). England leased space at 1717 S. Anthony Boulevard from George and Emma for his own vehicle repair and service work. (DE 152 at 6).

Martin claims that he first worked for George, Jones Auto Repair, and England as a mechanic and in cleaning up the property from June to August 2009 and from August to October 2010, and that England promised him a wage of $50 a day to do so. (DE 156-1 at 12-14, 27). England admits that on occasion Martin helped him perform certain vehicle bodywork services. (DE 152 at 3). However, England contends that Martin volunteered to do this work at no cost to England. (DE 152 at 3). As England tells it, despite Martin's offer to do the work for free, England gratuitously paid Martin "no more than $25.00 or $50.00 per day depending on the work done by Martin." (DE 152 at 3). England contends that the total amount paid to Martin

---

[4] "Jones Auto" and "Jones Auto Repair" appear to be assumed names for Jones Auto Repair, Inc., which is located at 1701 S. Anthony Blvd., Fort Wayne. (DE 156-1 at 4).

[5] The business and real estate are now owned by Trent. (DE 150 at 3-4).

was less than $1,000, that the payments were made in cash, and that no records were maintained of the payments. (DE 152 at 3).

In November 2010, Martin filed a small claims suit in Allen Superior Court, Cause No. 02D01-1011-SC-19776, against George, Jones Auto Body, and England, claiming unpaid wages in the amount of $6,000. (DE 156-1 at 3-4, 6). After a trial, Magistrate Judge Jerry L. Ummel found that although Martin "went to work" for England in 2009 and again in 2010, "[t]here was never a written agreement between the parties," Martin "was not able to establish any specific terms of a verbal agreement between the parties[,]" and Martin "failed to prove that the [d]efendants owe[d] him any specific amount in unpaid wages." (DE 156-1 at 8). Accordingly, Judge Ummel entered an "Order or Judgment of the Court" in favor of the defendants. (DE 156-1 at 8). Martin later filed a motion to correct errors, which Judge Ummel denied. (DE 156-1 at 10-16).

Martin claims that he went back to work for George or Jones Auto Repair two years later, on April 22, 2012, again at the wage of $50 a day. (DE 156-1 at 27). When he did not receive that wage, Martin quit on June 4, 2012. (DE 156-1 at 27). On June 19, 2012, he filed an Application for Wage Claim with the Indiana Department of Labor, asserting that George or Jones Auto owed him $2,429.50 in unpaid wages for April 22, 2012 through June 4, 2012. (DE 156-1 at 17).

On July 31, 2012, Martin, who is black, filed a Charge of Discrimination with the Commission, asserting that he was discriminated against on the basis of his race because Jones Auto Repair paid him sporadically and at a wage less than $50 per day, while it paid a white mechanic on a weekly basis. (DE 156-1 at 27). The Commission dismissed the case on

December 19, 2012.  (DE 156-1 at 28-29).

On October 18, 2012, George filed a Petition for an Order for Protection and Request for a Hearing in Allen Superior Court, Cause No. 02001-1210-PO-3248, writing that Martin was calling him every day and asking for money; that Martin threatened him by stating that "[Martin] was going to put a bullet in him"; and that Martin was "on drugs."  (DE 156-1 at 21-26).  The petition for a protective order was granted.  (DE 156-1 at 4).

On January 17, 2013, Martin filed this case against George, Jones Auto, and England, seeking to recover unpaid wages for the work he purportedly performed for George, Jones Auto, and England from June to August 2009 and August to October 2010, and for the work he purportedly performed for George and Jones Auto from April 22, 2012, through June 4, 2012.  (DE 1).  Martin indicated that his complaint was brought pursuant to Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and § 1981.  (DE 1).

On August 28, 2014, the Court conducted a Rule 16(b) preliminary pretrial conference, setting a discovery deadline of December 31, 2014.  (DE 40).  On October 14, 2014, Martin, with leave of Court, filed an amended complaint, adding claims of racial discrimination, retaliation, and defamation, and naming Emma, Trent, and Jones Auto Repair as additional Defendants.  (DE 51; DE 52).  In the amended complaint, Martin claims that Defendants discriminated against him by paying him more sporadically and at a lesser wage than a white employee and retaliated against him for filing his state law claim for unpaid wages in 2010 by making false comments to the police to get a protection order against him and by George calling him "a crack head and other comments" in state court.  (DE 52 at 2).  Martin also asserts a claim of defamation based on George's alleged statements to the police and in state court.  (DE 52 at

6

2). Martin indicated in his amended complaint that he was bringing these claims pursuant to Title VII and § 1981. (DE 52).

On June 16, 2015, the Court observed that this case was automatically stayed against England due to his filing bankruptcy. (DE 93). The case, however, continued against the Jones Defendants. (DE 93 at 2).

On July 9, 2015, the Jones Defendants filed for a motion for partial summary judgment, seeking judgment as a matter of law in their favor on all of Martin's claims except for his claim for unpaid wages against them based on the period of April 22, 2012, through June 4, 2012. (DE 97). On December 2, 2015, the Court granted the motion. (DE 112). Subsequently, for purposes of economy of time and effort, to avoid wasteful and duplicative trials, and to avoid inconsistent results, the Court stayed the entire case, explaining that it would not proceed to trial on Martin's sole remaining claim against the Jones Defendants—his claim for six weeks of unpaid wages in 2012—until England's bankruptcy stay had been lifted and Martin's case against England could proceed at the same time. (DE 128).

On June 29, 2017, Defendants filed a status report, indicating that England's bankruptcy case had been dismissed. (DE 146). On July 10, 2017, the Court lifted its stay of the entire case, and extended the deadline for the filing of dispositive motions by England. (DE 147).

On October 27, 2017, England filed the instant motion for summary judgment (DE 155), together with supporting evidence, his affidavit, and a memorandum in support (DE 156). In his affidavit, England represented that at no time from 2008 through the date he filed his motion for summary judgment did he ever employ more than five employees for each working day in each of 20 calendar weeks in any calendar year. (DE 156-1 at 31).

Martin filed a response to England's motion for summary judgment on November 2, 2017 (DE 159), and a supplemental response on February 13, 2018 (DE 171). England filed a reply brief on February 16, 2018 (DE 172), and thus, the matter is ripe for ruling.

### III. DISCUSSION

#### A. *Martin's Unpaid Wage Claims for 2009 and 2010*

Martin asserts that England and the Jones Defendants failed to pay him for wages earned from June through August 2009 and from August through October 2010. Martin does not identify under what legal authority he is proceeding, but presumably he is advancing either a state law breach of contract claim or a claim under the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1 *et seq.*, which applies when an employee leaves his employment voluntarily.

As this Court explained in its Order granting summary judgment in favor of the Jones Defendants, Martin's small claims lawsuit in state court filed in November 2010 sought $6,000 in unpaid wages for the work he allegedly performed for George, Jones Auto Body, and England in 2009 and 2010, which are the same wages he seeks to recover here for that time period. (DE 156-1 at 6, 12-13; *see* DE 52 at 2). The state court denied Martin's claim on the merits and entered a judgment in favor of the defendants. (DE 156-1 at 8). Martin then filed a motion to correct errors, which was also denied. (DE 156-1 at 10-15).

"Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect they would have in state court." *Licari v. City of Chi.*, 298 F.3d 664, 666 (7th Cir. 2002) (citations omitted). Therefore, the Court must look to Indiana state law to determine whether its courts would preclude Martin's unpaid wage claims against England for 2009 and 2010. *See Douglas v. City of Bloomington*, No. 1:13-CV-0080-

LJM-VSS, 2004 WL 828324, at *3 (S.D. Ind. Mar. 9, 2004). "In Indiana, the elements of *res judicata*, or claim preclusion, are: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the matter at issue was, or might have been, determined in the former suit; (3) the controversy adjudicated in the former suit was between parties to the present suit; and (4) the judgment in the former suit was rendered." *Id.* (citing *Leal v. Krajewski*, 803 F.2d 332, 334 (7th Cir. 1986); *Peterson v. Culver Educ. Found.*, 402 N.E.2d 448, 460 (Ind. Ct. App. 1980)).

All four of the elements of *res judicata* are satisfied with respect to England. The state court found that Martin "went to work" for England in 2009 and 2010, but that Martin failed to establish any specific terms of a verbal agreement between the parties. (DE 156-1 at 8). The state court concluded that Martin failed to prove that any defendant owed Martin any specific amount in unpaid wages, and thus, entered judgment in these defendants' favor. (DE 156-1 at 8). Martin "cannot relitigate the issues decided against [him]" in the state court suit. *Studio Art Theatre of Evansville, Inc. v. City of Evansville, Ind.*, 76 F.3d 128, 131 (7th Cir. 1996). As such, *res judicata* bars Martin's unpaid wages claim for 2009 and 2010 against England. Accordingly, England's motion for summary judgment on Martin's unpaid wages claim for the periods in 2009 and 2010 will be GRANTED.

### B. Martin's Unpaid Wage Claims for 2012

Martin also claims that George or Jones Auto Repair failed to pay him for wages earned from April through June 2012. As explained earlier, although the Court granted summary judgment on all of Martin's other claims against the Jones Defendants, the Jones Defendants did not move for summary judgment on Martin's claim for unpaid wages from April through June 2012, and that claim survives against the Jones Defendants.

9

Here, however, England seeks summary judgment on Martin's claim of unpaid wages for 2012. As England observes, Martin does not produce any evidence that England failed to pay him for wages earned from April 2012 through June 2012. (DE 156-1 at 17, 27-29). Rather, Martin's allegations concerning the unpaid wages for April 2012 through June 2012 center on "George Jones/Jones Auto" or "Jones Auto Repair" in his Application for Wage Claim and his Charge of Discrimination. (DE 156-1 at 17, 27). In contrast, Martin specifically named England in his claim for unpaid wages for the period June through August 2009 and August through October 2010. (DE 156-1 at 6).

In his supplemental response to England's motion for summary judgment, Martin's story seems to have shifted slightly. He suggests—for the first time—that it was *England* who promised him $50.00 a day to work for Jones Auto in April 2012. (DE 171 at 1 ("Richard England give $50.00 on April 18 2012 to come to work at Jones Auto.")). However, as explained at the outset of this Opinion and Order, the Court will not consider Martin's unsworn statements as establishing any factual evidence when evaluating the motion for summary judgment. *See Pfeil*, 757 F.2d at 859 ("An unsworn statement does not meet the requirements of Rule 56[(c)(4)]." (citing *Adickes*, 398 U.S. at 159 n.19)).

As the Seventh Circuit has repeatedly articulated, "[s]ummary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept [his] version of events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (citation and internal quotation marks omitted). Accordingly, England's motion for summary judgment will be GRANTED as to Martin's claim for unpaid wages from April through June 2012.

*C. Title VII Racial Discrimination and Retaliation Claims*

England also seeks summary judgment in his favor on Martin's claims of racial discrimination and retaliation under Title VII. He emphasizes that he has never employed more than five employees for each working day in each of 20 calendar weeks in any calendar year of 2008 through 2015, and thus, that Title VII does not apply.

To be subject to liability under Title VII, a person or entity must employ 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 42 U.S.C. 2000e(b); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006) (holding that the threshold number of employees for application of Title VII is an element of a plaintiff's claim, rather than a jurisdictional issue). The record is undisputed that England employed less than this threshold requirement throughout the relevant period. (DE 156-1 at 31). Furthermore, England is an individual Defendant, and "the well-settled law in the Seventh Circuit rejects Title VII claims against individuals." *Harwood v. Gurley-Leep Auto. Sales, LLC*, No. 2:12-CV-213-JD, 2012 WL 5985630, at *2 (N.D. Ind. Nov. 29, 2012) (collecting cases).

Therefore, Martin is unable to establish this element of a *prima facie* case under Title VII, mandating summary judgment in England's favor on all of his Title VII claims. *See, e.g.*, *McCloud v. Crusader Newspaper Grp.*, No. 2:07-CV-366, 2010 WL 2044711, at *3-4 (N.D. Ind. May 24, 2010) (granting summary judgment in defendant's favor where the uncontroverted evidence established that it employed less than 15 employees at all relevant times); *Paige v. Dora*, No. 1:07-cv-011, 2007 WL 3333338, at *2 (N.D. Ind. Nov. 7, 2007) (dismissing plaintiff's Title VII claims against the individual defendants where they did not independently meet the definition of "employer" set forth in Title VII). Therefore, England's motion for summary

judgment will be GRANTED as to Martin's Title VII claims.

### D. Discrimination Claim Under § 1981

England also seeks summary judgment in his favor on Martin's § 1981 racial discrimination claim. Martin claims that England discriminated against him by paying him only sporadically and at less than the promised rate of $50 a day, when he paid a white employee every week.

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006); *see Tank v. T-Mobile USA, Inc.*, 758 F.3d 800, 805 (7th Cir. 2014) ("Section 1981 bars employers from discriminating and retaliating against employees based on the employee's race or national origin." (citing *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 695 n.4 (7th Cir. 2006))); *Hoosier v. Greenwood Hospitality Mgmt., LLC*, 32 F. Supp. 3d 966, 974 (N.D. Ill. Mar. 26, 2014) ("The phrase 'make and enforce contracts' prohibits racial discrimination in the employment context, including harassment, discharge, promotion, transfer, retaliation and hiring." (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004))).

Here, when considering the evidence as a whole, there is simply no evidence that would permit a reasonable factfinder to conclude that Martin's race caused England to pay him inconsistently or at a lower wage. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). Martin does not submit any evidence, affidavit or otherwise, to show that a similarly situated employee outside of his protected class was treated more favorably than him during

12

2009 or 2010—the time period relevant to England. *Tank*, 758 F.3d at 805; *see Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002) (stating that a similarly situated individual is one who is "directly comparable to [the plaintiff] in all material respects" (citations omitted)); *Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1155 (7th Cir. 1997) ("[F]ull-time employees are simply not similarly situated to part-time employees. There are too many differences between them[.]"). "[C]onclusory allegation[s] are insufficient to raise a genuine issue of material fact." *Anderson v. Donahoe*, 699 F.3d 989, 996 (7th Cir. 2012). And as already explained above, Martin has not established that England owes him unpaid wages for his purported work in 2012, so that time period cannot serve as a basis for his § 1981 claim against England.

Moreover, in addition to showing discrimination, "proof of a contractual relationship is necessary to establish a § 1981 claim." *Walker v. Abbot Labs.*, 340 F.3d 471, 475 (7th Cir. 2003) (citation omitted). Here, Judge Ummel of the Allen Superior Court has already found that there was no "firm agreement" between England and Martin concerning the payment of wages for 2009 and 2010. (DE 98-1 at 8). To reiterate, Martin "cannot relitigate the issues decided against [him]" in the state court suit. *Studio Art Theatre of Evansville, Inc.*, 76 F.3d at 131.

Therefore, England's motion for summary judgment on Martin's § 1981 discrimination claim will be GRANTED.

### E. Retaliation Claim Under § 1981

To the extent that Martin is advancing a § 1981 claim of retaliation against England, summary judgment will be granted in England's favor on that claim too. "Unlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing

impermissible discrimination." *Tank*, 758 F.3d at 807 (citation omitted)); *see O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630-31 (7th Cir. 2011) (applying the same legal standard and methods of proof to claims of retaliation under Title VII and § 1981).

Here, Martin claims that George retaliated against him by making false comments to the police to obtain a protective order against him in 2012 and by referring to him as a "crack head" during the state court proceedings. (DE 52 at 2; DE 171 at 1). None of Martin's allegations, however, relate to England's conduct.

Furthermore, Martin seems to base his retaliation claim on the fact that he filed a claim for unpaid wages in small claims court in November 2010, one month after he quit working. (DE 156-1 at 6). However, the record does not reflect that Martin ever asserted in the state case that his alleged unpaid wages were due to race discrimination. (DE 52-1 at 54-58, 99-107). As such, any claim of retaliation based on Martin's filing his state court lawsuit fails at the outset because there is no evidence that Martin engaged in statutorily protected activity. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 664 (7th Cir. 2006) (dismissing retaliation claim where the plaintiff did not complain about discrimination resulting from a protected class, and thus, did not engage in statutorily protected activity).

The first evidence that Martin ever complained of racial discrimination was in his Charge of Discrimination filed with the Commission on July 31, 2012. (DE 156-1 at 27). There he alleged that George and Jones Auto Repair—not England—discriminated against him on the basis of his race with respect to unpaid wages from April 22, 2012, to June 4, 2012. (DE 156-1 at 27).

Moreover, there is no evidence that England took a material adverse action against

Martin in the workplace after he engaged in such protected activity. *See Tomanovich*, 457 F.3d at 664 (dismissing retaliation claim where the plaintiff did not complain about discrimination resulting from a protected class, and thus, did not engage in statutorily protected activity). Nor does Martin contend that England caused him harm outside of the workplace after he engaged in protected activity. *Cf. Berry v. Stevinson Chevrolet*, 74 F.3d 980, 984 (10th Cir. 1996) (finding actionable retaliation where an employer filed false criminal charges against a former employee who complained of discrimination). Consequently, to the extent that Martin is advancing a § 1981 retaliation claim against England, the motion for summary judgment will be GRANTED on that claim as well.

### F. Defamation

Finally, to the extent that Martin is advancing a state law defamation claim against him, England seeks summary judgment in his favor on that claim too. Defamation is "that which tends to injure reputation or to diminish esteem, respect, good will, or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff." *Davidson v. Perron*, 716 N.E.2d 29, 37 (Ind. Ct. App. 1999) (citation omitted). "A plaintiff must generally prove four elements to prevail on a defamation claim: (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages." *LDT Keller Farms, LLC v. Brigitte Holmes Livestock Co.*, No. 1:08-CV-243, 2010 WL 2608342, at *2 (N.D. Ind. June 25, 2010) (citing *Newman v. Jewish Cmty. Ctr. Ass'n of Indianapolis*, 875 N.E.2d 729, 735 (Ind. Ct. App. 2007)).

When alleging his defamation claim, Martin alleged that George defamed him in small claims court in December 2010 by referring to him as a "crackhead" and again in October 2012 by making false statements to the police and the court when obtaining a protective order against

15

him. (DE 171 at 1; DE 156-1 at 21-26). Martin, however, makes no allegations concerning England's conduct in relation to his defamation claim. Nor does he dispute England's representation that: (1) he did not seek a protective order against Martin; (2) he did not make false statements to the Fort Wayne Police Department about Martin; and (3) he did not testify in court in connection with George's request for a protective order against Martin. (DE 156-1 at 30). Therefore, summary judgment will also be GRANTED in England's favor on Martin's state law defamation claim.

## IV. CONCLUSION

For the foregoing reasons, England's motion for summary judgment (DE 155) is GRANTED, and all of Martin's claims against England are DISMISSED. The only claim remaining in this case is Martin's claim against the Jones Defendants for unpaid wages for the period of April 22, 2012, through June 4, 2012, which is set for trial on March 21, 2018 (DE 165).

SO ORDERED.

Entered this 27th day of February 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge